FILED IN DISTRICT COURT
OKLAHOMA COUNTY

MAR - 6 2015

TIM RHODES
COURT CLERK
75.

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

MANUEL LOPEZ and AGUSTINE
ARRIAGE, individuals.
    Plaintiffs,

    vs.

THE QUIKRETE COMPANIES, INC.

    Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.

**JURY TRIAL DEMANDED
ATTORNEY'S LIEN CLAIMED.**

CJ - 2015 - 1 4 2 1

## PETITION

COMES NOW, the Plaintiffs Manuel Lopez and Agustine Arriage for their cause of action against the Defendant The Quikrete Companies, Inc., and alleges and states as follows:

1. Plaintiff, Manuel Lopez, is, and at all times relevant to this case a citizen of Oklahoma and a resident of Oklahoma County.

2. Plaintiff, Agustine Arriage, is, and at all times relevant to this case a citizen of Oklahoma and a resident of Oklahoma County.

3. The Defendant, The Quikrete Companies Inc., is an Oklahoma County based company. The Defendant is doing business 8000 Melrose, Oklahoma City, OK 73127. The Defendant may be served process through The Corporation Company registered Agent at 1833 S Morgan Rd, Oklahoma City, OK 73128.

4. All actions and events which are subject of this action occurred in Oklahoma County.

5. Plaintiff, Agustine Arriage, is a Hispanic male.

6. Plaintiff, Manuel Lopez, is a Hispanic male.

1



EXHIBIT
1

7. Plaintiff, Manuel Lopez, worked for Defendant, Quikrete, from May 27, 2014 through June 13, 2014.

8. Plaintiff, Agustine Arriage, worked for Defendant, Quikrete, from May 8, 2014 through June 24, 2014.

9. On or about December 8, 2014, Plaintiff Manuel Lopez, timely submitted a Charge of Discrimination against Defendant on the basis of discrimination based on race to the Equal Employment Opportunity Commission ("EEOC") which is attached hereto as Exhibit 1 and incorporated by reference herein.

10. On or about December 8, 2014, Plaintiff Arriage Agustine, timely submitted a Charge of Discrimination against Defendant on the basis of discrimination based on race to the Equal Employment Opportunity Commission ("EEOC") which is attached hereto as Exhibit 2 and incorporated by reference herein.

11. On or about December 8, 2014, the EEOC issued to Plaintiff, Manuel Lopez, his Notice of Right to Sue, which is attached as Exhibit 3 and incorporated by reference herein.

12. On or about December 8, 2014, the EEOC issued to the Plaintiff, Agustine Arriage, his Notice of Right to Sue, which is attached as Exhibit 4 and incorporated by reference herein.

13. Plaintiffs were both under the supervision of James Hodges.

14. Plaintiff, Manuel Lopez, was trained by Mark Collins during a two-day ride along. Mark Collins was to teach Manuel Lopez everything pertaining to his job.

15. Manuel Lopez was not taught how to check certain things regarding the trailer, nor was it in his job description to do so.

2

16. Manuel Lopez did a pre-trip inspection on the day of the alleged incident, as he was shown to do in his training.

17. On or about June 13, 2014, Manuel Lopez was going 40 mph on Hwy 77 and Hwy 3, just before Sooner Road. He began seeing sparks from the trailer and pulled over. He discovered that there were two tires coming off of the axles.

18. Manuel Lopez called his manager to inform him that he needed a mechanic because the tires were coming off the axle. The tire repairman showed up and called a wrecker company. The tires were taken off and the axle changed and then a forklift was used to unload the trailer.

19. Manuel Lopez returned to the yard and the manager was very angry. The manager blamed Manuel Lopez for the damage to the trailer, even though he had not been shown how to check for these types of issues, nor told to do so.

20. Agustine Arriage had previously received a ticket in June 2014 for no signal light on the company truck. The company threatened to fire him if he received another ticket even though Agustine Arriage has no involvement in the maintenance or repair of signal lights.

21. On June 24, 2014 Agustine Arriage reported air leaks tied to the brakes of the trucks but the company did not fix or repair the leaks. On the truck skidded due to faulty brakes and Agustine Arriage was fired without any explanation.

## COUNT ONE: RACIAL DISCRIMINATION

22. Plaintiffs hereby adopts and re-alleges all allegations in paragraphs 1-22 as if fully set forth herein.

3

23. It is obvious that Plaintiffs, Manuel Lopez and Agustine Arriage, are of a Hispanic (non-Caucasian) descent. Further both Manuel Lopez and Agustine Arriage actively define themselves as Hispanic males.

24. Mark Collins, a Caucasian male, had broken a trailer the week before. He received a new trailer and was not reprimanded at all.

25. The Caucasian employees are treated better and not discharged or disciplined for the same or similar damage to Company equipment that occurs with accident or intentional conduct.

26. As a result of the conduct of the Defendants, Plaintiffs Manuel Lopez and Agustin Arriage have suffered emotional injuries and damages for lost wages, and loss of benefits.

**COUNT TWO: TORT CLAIM FOR WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY**

27. Plaintiffs hereby adopt and incorporate the preceding paragraphs 1-26 as if fully set forth herein.

28. Plaintiffs Manuel Lopez and Agustin Arriage were at all times at-will employees of Quikrete.

29. The actions of Defendants in this matter violate Oklahoma constitutional, statutory decisional Law as well as Oklahoma public policy.

30. Plaintiffs were discharged because of their Hispanic race.

31. The harassment and discrimination of an employee by an employer and coworker violates Oklahoma public policy.

4

32. The remedies available to Plaintiffs under the Federal law are not adequate to address the injuries and damages suffered as a result of Defendants' illegal and wrongful conduct.

33. Plaintiffs filed their allegations against the Defendants within 180 days of their discharge with the EEOC.

34. Plaintiffs have filed her lawsuit within 90 days of receiving their right to sue letter from the EEOC.

35. On November 1, 2011, 25 O.S. § 1350 went into effect creating a statutory remedy for employment-based discrimination and Manuel Lopez and Agustin Arriage have a claim against the Defendants under the same.

36. As a result of the conduct of the Defendants, Plaintiffs Manuel Lopez and Agustin Arriage have suffered injuries and damages for lost wages, and loss of benefits.

**COUNT THREE: NEGLIGENT TRAINING, SUPERVISION AND RETENTION**

37. Plaintiffs hereby adopt and incorporate the preceding paragraphs 1-34 as if fully set forth herein.

38. Quikrete has a duty to properly hire and train its employees with regard to proper conduct in the workplace and on how to spot and stop discrimination of all sorts in the workplace.

39. Quikrete is negligent in managing and supervising the work environment at Quikrete and that negligence has resulted in emotional injury to Plaintiffs.

40. Quikrete has negligently failed to properly hire, train, and supervise management employees, to ensure that race discrimination, and a hostile work environment is not occurring.

5

41. As a result of the conduct of the Defendants, Plaintiffs Manuel Lopez and Agustine Arriage have lost all of the benefits and privileges of their employment and suffered damages in lost wages and benefits, lost opportunity for advancement and training, mental stress, and pain and suffering.

### PRAYER

Defendant's inaction to relieve the Plaintiffs from this hostile work environment and forcing Plaintiffs to be subject to an unwelcome and offensive work environment because of their race causes the Defendants to be liable for race discrimination. Plaintiffs Manuel Lopez and Agustine Arriage demand judgment in their favor and against the Defendant, Quikrete, in an amount in excess of $75,000 for their wrongful, improper and illegal conduct. Plaintiffs request that they be awarded their lost wages, damages for lost benefits, damages for emotional distress and mental suffering, and punitive damages. Plaintiffs further request that the Court ward them the costs and attorney's fees associated with this suit and all other relief that the Court deems just and equitable.

Respectfully Submitted,

Rachel L. Bussett, OBA 19769
Bussett Law Firm, PC
3555 N.W. 58th St., Suite 1010
Oklahoma City, OK 73112
405-607-4885
405-601-7764
*Attorney for Plaintiffs*
Rachel@bussettlaw.com

**JURY TRIAL DEMANDED**
**ATTORNEY'S LIEN CLAIMED.**

6