# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MANUEL LOPEZ, ET AL., )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>THE QUIKRETE COMPANIES, INC., )<br>)<br>Defendant. ) | NO. CIV-15-1040-HE |

## ORDER

Plaintiffs Manual Lopez and Agustin Arriaga filed this action in state court against their former employer, The Quikrete Companies, Inc. ("Quikrete"), alleging Quikrete terminated them because they are Hispanic. In addition to asserting discrimination claims under Title VII of the Civil Rights Act of 1964 and the Oklahoma Anti-Discrimination Act ("OADA"), plaintiffs assert Quikrete wrongfully discharged them in violation of Oklahoma public policy and negligently hired, supervised and trained its management employees. Quikrete removed the action and has filed a motion for partial judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c).

"Judgment on the pleadings is appropriate only when the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." Sanders v. Mountain Am. Fed. Credit Union, 689 F.3d 1138, 1141 (10th Cir. 2012) (internal quotation marks omitted). "The court "accept[s] all facts pleaded by the non-moving party as true and grant[s] all reasonable inferences from the pleadings in that party's favor." Id. (internal quotation marks omitted).

In their complaint,[1] plaintiffs allege that they are Hispanic, that they worked as truck drivers for defendant from May through June 2014, and that defendant discriminated against them by discharging them for incidents involving damage to company equipment. They assert that white employees were treated better and were not disciplined as harshly or discharged for the same or similar conduct.

Quikrete seeks judgment on the pleadings on plaintiffs' public policy or <u>Burk</u> tort claim and its negligent supervision claim, arguing such types of claims were abolished by the OADA. Quikrete contends that because both of the state law tort claims seek to recover for "employment-based discrimination," they are precluded by § 1350 of the OADA, which provides that "[a] cause of action of employment-based discrimination is hereby created and any common law remedies are hereby abolished." 25 Okla. Stat. §1350(A).

Plaintiffs initially respond that defendant has misunderstood the factual basis for their public policy tort claim. They assert they "filed their case as an alleged *Burk* Tort or in the alternative, an OADA violation." Doc. #47, p. 17. They maintain defendant is discriminating against them and others based on their legal status and that "Oklahoma has a clear public policy against promoting illegal activity in employment and in particular promoting hiring practices which enable illegal aliens to remain in the country by harboring or employing such aliens." Doc. #47, p. 18. Plaintiffs contend they "have a cognizable *Burk* Tort under Oklahoma law because [that] kind of discrimination is not subsumed within the

---

[1]*Because the action is now in federal court, the original pleading will be referred to as a complaint.*

OADA." *Id.* at 20.

Regardless of whether plaintiffs could state a claim for discrimination based on alienage, it was not pleaded in the complaint and it is too late to amend to include it. The deadline for amended pleadings was December 23, 2015, and discovery was to be completed by October 1, 2016. As pleaded, plaintiffs' public policy tort claim for wrongful discharge – "Plaintiffs were discharged because of their Hispanic race," Doc. #1-1, p. 4 ¶30, is barred by the OADA. *See* 25 Okla. Stat. §1350(A). Plaintiffs' request to amend in their response brief is therefore denied and their public policy tort claim will be dismissed.

As for their negligent supervision claim, plaintiffs assert it was not abolished by the OADA because is a distinct tort from their claim for discriminatory discharge. The two claims are premised, they assert, on completely different legal theories.

The problem with plaintiffs' negligent supervision claim is plaintiffs are seeking, through the claim, to redress employment discrimination. They are not alleging distinct injuries or a harm apart from that allegedly inflicted by the claimed national origin discrimination. Therefore the claim, as pleaded, is within the scope of the OADA's ban of common law remedies and will be dismissed. *See* Jones v. Needham, 2016 WL 2659618, at *3 (W.D. Okla. May 6, 2016), *appeal filed*, No. 16-6156 (10th Cir. June 7, 2016); McFarlane v. Nexeo Staffing, LLC, 2011 WL 1226105, at *2 (D. Utah Mar. 30, 2011).

The court has concluded the Burk tort plaintiffs pleaded in Count Two of their complaint was abolished by the OADA and that their request to amend their complaint to add

a new public policy tort claim is untimely.  It has further concluded that plaintiffs' negligent training, supervision and retention claim asserted in Count Three likewise falls within the OADA ban.

Accordingly, defendant's motion for judgment on the pleadings [Doc. #30] is **GRANTED**.  Judgment in defendant's favor on plaintiffs' <u>Burk</u> tort and negligent supervision claims will be entered when the case is resolved with respect to plaintiffs' Title VII and OADA national origin discrimination claims.  *See* Fed.R.Civ.P. 54(b).

**IT IS SO ORDERED**.

Dated this 18th day of October, 2016.

                                            JOE HEATON
                                            CHIEF U.S. DISTRICT JUDGE